**Harold EVANS, Jr., Plaintiff–Appellee,**

v.

**State of CONNECTICUT, Connecticut State Police, Division of Public Safety, Nicholas A. Cioffi, Commissioner, Defendants–Appellants.**

**Docket No. 97–7688.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2001.

**36**

John R. Williams, Williams & Pattis, New Haven, CT, for appellee.

Margaret Quilter Chapple, Deputy Attorney General, State of Connecticut, Hartford, CT, for appellants.

Present FEINBERG, McLAUGHLIN, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED and the challenge to the district court's failure to stay judgment pending this appeal is DISMISSED as moot.

Defendants–Appellants the State of Connecticut and the Connecticut State Police, Division of Public Safety, Nicholas A. Cioffi, Commissioner, appeal from the judgment of the United States District Court for the District of Connecticut, Senior Judge Constance Baker Motley sitting by designation, in favor of plaintiff-appellee Harold F. Evans, Jr. in his claim for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

The district court bifurcated this case into liability and damages, finding defendants-appellants liable for racial discrimination after a bench trial on July 11, 1996, and awarding $877,253.80 in back pay, prejudgment interest, and attorneys' fees and costs to Evans on June 27, 1997. *Evans v.*

*Connecticut,* 967 F.Supp. 673 (D.Conn. 1997) (amended findings on liability and damages); *Evans v. Connecticut,* 935 F.Supp. 145 (D.Conn.1996) (findings of fact and conclusions of law). On appeal, defendants-appellants argue that the court erred by (1) determining that plaintiff had established a prima facie case of discrimination, (2) finding defendants' proffered reasons for Evans' discharge pretextual, (3) finding liability under a "mixed motive" theory of discrimination, (4) sanctioning the state for failure to produce certain requested documents, (5) appointing and utilizing an "expert," (6) calculating damages and attorneys' fees, and (7) denying defendants' motion for a stay of judgment pending appeal.

This Court will first address the defendants-appellants' claims regarding the district court's evaluation of the substantive discrimination determinations (claims 1–3). The district court reviewed Evans' claim under both the "traditional" *McDonnell Douglas* and the "mixed motive" *Price Waterhouse* analyses, finding liability in each case. *See Evans,* 935 F.Supp. at 160.

█ We find defendants-appellants' challenge to the prima facie case no longer germane. *See United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 713–14, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) ("Because this case was fully tried on the merits, it is surprising to find the parties ... still addressing the question whether [the plaintiff] made out a *prima facie* case."). In the words of the Supreme Court, "[w]here the defendant has done everything that would be required of him if the plaintiff had properly made out a *prima facie* case, whether the plaintiff really did so is no longer relevant." *Id.* at 715. We need not, therefore, address defendants-appellants' specific challenge to the district court's interpretation of qualification under *McDonnell Douglas*'s prima facie test.

We further reject the defendants' challenges to the court's findings of liability under the *McDonnell Douglas* and *Price Waterhouse* tests. This Court examines the district court's factual interpretations under the deferential, "clearly erroneous" standard. *See Prima v. Panalpina*, 223 F.3d 126, 129 (2d Cir.2000). Judge Motley's determinations of liability turned on her assessment of the evidence presented at trial—the report of the court's expert, the testimony of various police officials and of plaintiff Evans, and the state's failure to produce key documents for review. Viewing the record with deference, we affirm Judge Motley's liability determination, finding no clear error in her assessment of the facts.

This Court reviews the district courts' imposition of Rule 37 sanctions, appointment of experts, and damage awards for abuse of discretion. *See Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 141 (2d Cir.2000) (sanctions); *Fisher v. Vassar College*, 70 F.3d 1420, 1445 (2d Cir.1995)(expert/evidentiary ruling); *Carrero v. New York City Hous. Auth.*, 890 F.2d 569, 579–80 (2d Cir.1989) (damages). This case required extensive analysis of documentary and statistical evidence. This Court, therefore, finds no abuse of discretion in the appointment of an expert to review and testify about that evidence. In so finding, we note that defendants' suggestion that the expert was used as a special master is not supported by the record, despite the incorrect use of that label during the trial by the court and the parties. We find further that the state's failure to produce the documents necessary to facilitate the expert's review, particularly after multiple requests, warranted imposition of sanctions. Additionally, we note that the district court relied on expert testimony and traditional methods in construing the appropriate damage and attorneys' fees awards. We thus find no abuse of discretion in the district court's sanction, expert, or damage decisions (Claims 4–6).

Finally, defendants-appellants argue that the trial court erred in denying their motion to stay the entry of judgment pending resolution of this appeal (Claim 7). This Court denied a renewed motion for a stay over four years ago, requiring the funds in question to be deposited in escrow. *See* Docket Entry, 9–17–97. The question now raised is thus moot.

For the reasons set forth above, the appeal of the denial of a stay is DISMISSED as moot and the judgment of the district court is otherwise AFFIRMED.